IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **TINA DOOLITTLE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-0896 |
| ) | |
| **DEBORAH HICKEY, Warden,** ) | |
| **FPC Alderson, West Virginia,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On October 23, 2006, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly and "categorically limiting the amount of time an inmate may be placed in a CCC."(Id.) Plaintiff states that "on August 18, 2004, the Bureau of Prisons proposed new regulations announcing its categorical exercise of discretion for designating inmates to community confinement when serving terms of imprisonment." (Id., p. 9.) Plaintiff contends that "[w]hile acknowledging the Bureau of Prisons' general discretion to place an inmate at a CCC at any time, the 2005 regulations limit CCC placement to the lesser of 10 percent of a prisoners's total

---

[1] On May 27, 2005, Petitioner pled guilty in the United States District Court for the Eastern District of Wisconsin to one count of "Mail Fraud" in violation of 18 U.S.C. § 1341. On October 27, 2005, the District Court sentenced Petitioner to an 18 month term of imprisonment, to be followed by a three year term of supervised release. Petitioner did not appeal her conviction. *United States v. Doolittle*, Case No. 2:05-cr-00056 (E.D.Wis. Oct. 27, 2005). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 23, 2007.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

sentence or six months, unless special statutory circumstances apply." (Id.) Plaintiff, therefore, argues as follows:

> [T]hese new Bureau of Prisons regulations . . . are contrary to the Bureau of Prisons' governing statute and Congressional intent. The governing statute here, 18 U.S.C. § 3621(b) lists five factors that the Bureau of Prisons must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a CCC do not allow the Bureau of Prisons to consider these plainly enumerated factors in full, contrary to Congress's directive as set out in 18 U.S.C. § 3621(b).

(Id.) Plaintiff asserts that "[t]he 2nd, 3rd, and 8th Circuit Courts have held the statute governing placement by the BOP of prisoners in prerelease custody did not authorize BOP regulations limiting placement in community confinement" and "ordered the BOP immediately consider the inmates for transfer to a CCC in good faith and without reference to the 2002 and 2005 policies." (Id.) Plaintiff further alleges that the 2002 and 2005 regulations violated her right to due process because the regulations "unlawfully restricted the Bureau of Prisons' great discretion in determining how my level of custody was to be implemented." (Id.) Next, Plaintiff argues that the BOP "has an obligation under 18 U.S.C. § 36249(c) to prepare prisoners for community reentry by, inter alia, placing them in community confinement." (Id.) Plaintiff contends that "a more lengthy CCC placement would allow me sufficient time to utilize local employment, educational and vocational training services that I desperately need in order to work towards a successful reentry to my community." (Id., pp. 9 -10.) Finally, Plaintiff asserts that the 2005 regulation "created the very disparity that it claimed to be eliminating." (Id.) Specifically, Plaintiff argues that even though "the BOP claimed that the new rules promoted Congress' goal of eliminating unwarranted disparities, . . . inmates housed in the 2nd, 3rd, and 8th Circuits are receiving more favorable treatment than inmates housed in the remaining circuits regarding community confinement." (Id., p. 10.) Accordingly, Petitioner requests

2

"placement in community confinement for the last six months of my sentence, pursuant to 18 USC § 3624(c), as interpreted (prior to 12/20/2002) by Bureau of Prisons Program Statement 7310.04. ( Id., p. 8.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of

collateral consequences, and therefore, her Section 2241 Application must be dismissed.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection

---

[3] Furthermore, Petitioner acknowledges that she failed to exhaust her administrative remedies. (Document No. 1, pp. 5 and 8.) Specifically, Petitioner states that "I have not exhausted the Bureau of Prisons' Administrative Remedy Process. To do so would be patently futile, given that I am not challenging the application of the Bureau of Prisons regulations, but their validity." (*Id.*, p. 8.)

is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: January 5, 2010.

R. Clarke VanDervort
United States Magistrate Judge